*316 OPINION of the Court, by
Judge Owsley.
This action was brought by the appellant in the court below uPon a bond executed by the appellee as jailer of Galla-tin county, to subject him to the demand of Ward, in vir-tue whereof a certain John Jones had been charged ⅛ cxeci|tion and committed to the custody of said Bulen as jailer, and who is alleged to have voluntarily permitted him to escape.
An issue was made up to the plea of conditions performed, and the parties agreed the following facts: « That a judgment was given in favor of Ward against Jones5 as in the declaration stated; that said Jones was thereafter by his special bail in said suit surrendered in open court, arid was by the attorney of Ward prayed ⅛ *317 eustody, and, by the order of court then made said Jones was ordered in custody of the jailer of Gallatin county,, there to remain until discharged by due course of law -r that in virtue of said order Jones was immediately put Into the hands and custody of said Dulen, then the jaüer of said county ; that without giving bond and security, said Jones was permitted the liberty of the prison rules, and, remained therein for more than twenty days ; that he the said Jones thereafter departed from the prison rules and has not been heard of since; that no writ of execution has ever been issued against Jones since the surrender aforesaid 5 and that Jones had in his possession several negroes, some stock,” &c.
And the parties further agreed, that if upon the foregoing facts the law should be for the plaintiff in that court, then judgment was to be entered for him, and if not, then it should be entered for the defendant. And the court being of opinion the law was for the defendant, judgment wms accordingly entered in his favor. From this judgment the plaintiff has,appealed to.this court.
As by the facts agreed Jones appears to have been charged in custody of the defendant as jailer in consequence of a surrender by his bail after judgment, although no writ of execution appears to have issued, lie must, to every legal purpose, be considered in execution under the judgment, and as such ought to have been dealt with by the jailer according to those rules which are applicable to prisoners taken in custody under writs of capias ad satisfaciendum.
Whether, therefore, according to those rules the jailer has subjected himself to an action in favor of the present plaintiff, is the only inquiry presented for decision in this case.
The bare circumstance of Jones having been permitted the liberty of the prison rules, according to the decision in the case oí Steinman vs. Tabb, &c. (Vol. 3, 202,) and the correctness of which we still entertain no doubt, certainly cannot, so long as he continued within the rules, have subjected the jailer to the plaintiff’s action ; but whenever Jones departed from the rules, under circumstances which would have caused a breach of the eéndi-tien of' a bond taken for keeping within the rules, as by the failure to take such a bond, the plaintiff would be deprived of a security which the law has provided for him, the jailer for his «egledt should most assuredly be mad* *318 accountable. That the departure of Jones, as evidenced |jy agreed case, would have caused a breach of the condition of such a bond, we apprehend is perfectly clear: for although he appears to have continued within the rules for twenty days, and no payment of the prison fees or security for their payment is shown to have been given by the plaintiff, we suppose as the prisoner is admitted to have been able to nay those fees, a departure for that cause was not permissible: for by the law upon that subject it is only where the prisoner is unable to pay the fees, payment or security for their payment can be required of the plaintiff. — See 1 Call. 540 — 1 Mun. 84.
The judgment of the court below must therefore be reversed with costs, the cause remanded and judgment' entered in favor of the plaintiff.